UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VENTURE HOLDINGS COMPANY, LLC,

    Plaintiff,

                                                      Civil No. 05-73621
                                                      Hon. John Feikens

    v.

MILLARD DESIGN AUSTRALIA PTY., LTD.,

    Defendant.

_____/


**ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE**

This is an adversary proceeding in bankruptcy court in which Defendant, Millard Design Australia Pty., Ltd., has moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). Defendant's motion is DENIED for the reasons discussed herein.

**I.    FACTUAL BACKGROUND**

On March 25, 2005, the Debtors and the Unsecured Creditors Committee filed this adversary proceeding, and the Complaint brings claims for unjust enrichment, recovery of fraudulent transfers, and disallowance of claims under 11 U.S.C. § 502(d). (Def.'s Mot., 2; Def.'s Br., 1.) Plaintiff seeks to recover for transactions between and among various related companies, all of which are owned by Defendant Larry Winget. (Pl.'s Objection, 1.) Defendant Millard moves to withdraw this adversary from the bankruptcy court, because Defendant does not consent to a jury trial before the bankruptcy court. (Def.'s Mot., 2.) Plaintiff opposes

Defendant's motion for withdrawal of reference.

## II.     ANALYSIS

28 U.S.C. § 157(a) permits each district court to refer cases and related proceedings arising under Title 11 to the bankruptcy court for the district.  All such cases in the Eastern District of Michigan are referred automatically to the bankruptcy court pursuant to Local Rule 83.50(a)(1).  A district court may withdraw a case from the bankruptcy court "for cause shown," either sua sponte or upon the timely motion of any party.  28 U.S.C. § 157(d).  The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'"  Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989) (citations omitted).

To determine whether cause exists to withdraw a case that has been referred to the bankruptcy court, the district court may consider these factors: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors."  In re Burger Boys, 94 F.3d 755, 762 (2d Cir. 1996).[1]

Defendant argues that the reference should be withdrawn from the bankruptcy court because Defendant wants a jury trial and does not consent to such before the bankruptcy court. (Def.'s Mot., 2.)  Defendant argues it will be deprived of its Seventh Amendment right to a jury

---

[1] There is no statutory definition of what constitutes "cause" to withdraw a reference to the bankruptcy court.  The parties' briefs cite no Sixth Circuit decisions on "cause" for withdrawal of reference, and this Court's research found no such decisions.

trial on these claims if the adversary proceeding remains in bankruptcy court. Id.  28 U.S.C. § 157(e) allows a bankruptcy court to conduct jury trials if it has been granted jurisdiction to do so by the district court and if all parties consent.  Administrative Order No. 04-AO-012 authorized the bankruptcy judges in this district to conduct jury trials with the express consent of all parties.

Courts have said that the question of removal to the district court for a trial by jury becomes ripe for determination "if and when the case becomes trial ready." In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992) (citation omitted).  Several courts have found that the "assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal." Shubert v. Julius Kraft Co. (In re Winstar Communs., Inc.), 321 B.R. 761, 764 (D. Del. 2005); Prudential Securities Credit Corp., LLC v. Pac. Pointe Escrow, Inc. (In re Apponline.com, Inc.), 303 B.R. 723, 727 (E.D.N.Y. 2004); In re Enron Corp., 295 B.R. 21, 27 (S.D.N.Y. 2003).  "A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter." In re Winstar, 321 B.R. at 764 (citations omitted).

In considering whether a jury demand necessitates withdrawal of reference, district courts have considered: "(1) whether the case is likely to reach trial, (2) whether protracted discovery with court oversight will be required, and (3) whether the bankruptcy court has familiarity with the issues presented." In re Times Circle East, 1995 WL 489551, *3 (S.D.N.Y. Aug. 15, 1995) (internal citations omitted); In re Kenai Corp., 136 B.R. at 61.

In the case at hand, the above-cited factors weigh against withdrawing Defendant's case at this juncture.  First, these proceedings are still at an early stage in litigation.  Plaintiff alleges

that the bankruptcy court trial on these proceedings is scheduled for two years from now. (Pl.'s Objection, 5-6.) It is possible that these cases will be resolved in bankruptcy court through dispositive pre-trial motions. Id. Second, Plaintiff contends that substantial discovery is needed for these cases, due to their preliminary stage and the complexity of the issues involved, which would require significant oversight by a court. Id. Finally, Plaintiff alleges that given the number of adversary proceedings involved in this bankruptcy filing, and the similarity of the claims and issues stated therein, the bankruptcy court is better situated to supervise these proceedings. Id. Defendant's brief does not address any of these contentions.

Additionally, the In re Burger Boys factors, 94 F.3d at 762, also weigh against a withdrawal of the adversary proceeding at this time. Defendant's brief does not discuss these factors. First, this case brings claims for recovery of fraudulent conveyances, and disallowance of claims, which are core proceedings under 28 U.S.C. § 157(b)(2), and with which the bankruptcy court has considerable expertise and familiarity. Second, Plaintiff alleges that this bankruptcy filing involves a series of related adversary proceedings, which raise similar claims and issues. (Pl.'s Objection, 1.) The most efficient use of judicial resources, Plaintiff argues, would be to keep all of these proceedings together before the same court. Additionally, given the bankruptcy court's familiarity with these proceedings, it is better positioned to oversee discovery and decide any pretrial motions that may resolve this case. Third, Plaintiff argues that adjudication of these proceedings in multiple fora would delay the bankruptcy process. (Pl.'s Objection, 4-5.) Fourth, withdrawal of reference could hinder the uniformity of bankruptcy administration due to the possibility for inconsistent rulings in the various adversary proceedings. Id.

In summary, these factors weigh against withdrawing this adversary proceeding from the bankruptcy court at this time.  Defendant's Motion for Withdrawal of Reference is DENIED.

**IT IS SO ORDERED.**

Date:     March 6, 2006                               s/John Feikens

                                                       United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on March 6, 2006, by U.S. first class mail or electronic means.
>
>                             s/Carol Cohron
>                             Case Manager